UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SILVIO SEGUNDO MICOLTA-SINISTERRA

v.                                Case No. 8:13-cr-609-T-33CPT
                                       8:20-cv-245-T-33CPT

UNITED STATES OF AMERICA

_____/

**ORDER**

This matter is before the Court on Silvio Segundo Micolta-Sinisterra's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 271), which was filed on January 31, 2020. After Micolta-Sinisterra filed his memorandum in support (Civ. Doc. # 4), the United States of America responded on April 3, 2020. (Civ. Doc. # 7). Micolta-Sinisterra replied on May 28, 2020. (Civ. Doc. # 12). For the reasons that follow, the Motion is granted to the extent set forth below.

I.  **Background**

Pursuant to a plea agreement, Micolta-Sinisterra pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. §

1

960(b)(1)(B)(ii). (Crim. Doc. ## 158, 160, 165). On March 18, 2019, the Court sentenced Micolta-Sinisterra to 240 months in prison. (Doc. # 192). Micolta-Sinisterra did not file a direct appeal of his conviction and sentence within fourteen days of the entry of judgment.

II. **Discussion**

In his Motion, Micolta-Sinisterra argues he "was denied the effective assistance of counsel in violation of the [Sixth] Amendment when [his] prior court-appointed attorney refused to file a direct appeal on [his] behalf." (Civ. Doc. # 1 at 4).[1] "It has been this Court's experience that such a claim must be brought before the Court at considerable expense and inconvenience to the United States Marshals Service, as well as the United States Attorney's Office which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing." Cooper-Miller v. United States, No. 8:11-cr-553-T-33AEP, 2014 WL 11412834, at *1 (M.D. Fla. May 5, 2014).

Additionally, Micolta-Sinisterra's partial waiver of appellate rights in his plea agreement does not preclude him

---

[1] His Motion is timely, and his claim is cognizable. (Civ. Doc. # 7 at 6).

2

from raising his ineffective assistance of counsel argument. See Id. ("[I]n light of the Eleventh Circuit's opinion in Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005), the fact that the Defendant executed a written plea agreement containing a provision in which she waived her right to appeal and collaterally challenge her sentence in the underlying criminal case does not foreclose her from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.").

"In light of the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the [Motion], but only to the extent that [Micolta-Sinisterra] will be afforded an out-of-time appeal pursued by appointed counsel." Id. "In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)." Id. As the Phillips court explained:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a [Section] 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be

3

>    advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

Phillips, 225 F.3d at 1201. Indeed, the Eleventh Circuit "approves the granting of a motion to vacate without an evidentiary hearing if the district court follows Phillips." United States v. Bankston, No. 8:16-cr-232-T-23CPT, 2018 WL 5279134, at *2 (M.D. Fla. Oct. 24, 2018). "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the Phillips procedure." United States v. Robinson, 648 F. App'x 823, 824 (11th Cir. 2016).

In no way should the Court's granting Micolta-Sinisterra's Motion be interpreted as a determination or suggestion that his former counsel was in any manner ineffective in her representation of Micolta-Sinisterra in the criminal proceedings. See Bankston, 2018 WL 5279134, at *2 ("Allowing a belated appeal yields to the need for judicial economy (given the present peculiar state of pertinent law) and neither includes nor suggests a determination that trial counsel was ineffective."). Rather, the Court is granting Micolta-Sinisterra's requested relief "only in the interest of judicial economy" to avoid an evidentiary hearing. Cooper-Miller, 2014 WL 11412834, at *1; see also United States v.

4

Howard, No. 8:15-cr-211-T-35TGW, 2017 WL 7371186, at *2 (M.D. Fla. June 22, 2017)(emphasizing "that this determination to grant a belated appeal in the underlying criminal case is only made in the interest of judicial economy").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Silvio Segundo Micolta-Sinisterra's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 271) is **GRANTED,** but only to the extent that he may file a belated appeal in the related criminal case.

(2) The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in a new judgment.

(3) The Clerk is directed to enter judgment for Micolta-Sinisterra and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of August, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE